LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MANUEL GONZALEZ,<br>*on behalf of himself, FLSA Collective Plaintiffs and the Class,*<br>              Plaintiff,<br><br>     v.<br><br>3821 BROADWAY CAFE, LLC<br>     d/b/a HILLTOP PARK ALEHOUSE,<br>TARA WHOLLEY and<br>LEIGH CORCORAN,<br>              Defendants. | Case No:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

---

Plaintiff MANUEL GONZALEZ ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, 3821 BROADWAY CAFE LLC d/b/a HILLTOP PARK ALEHOUSE (collectively, "Corporate Defendant"), TARA WHOLLEY and LEIGH CORCORAN, (collectively, "Individual Defendants," and collectively with the Corporate Defendants, "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime compensation (2) unpaid spread of hours premium, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff is a resident of Queens County of New York.

6. Corporate Defendant 3821 BROADWAY CAFE, LLC d/b/a HILLTOP PARK ALEHOUSE, is a domestic limited liability company organized under the laws of the State of New York with an address for service of process located at 3821-39 Broadway, New York, NY 10032 and with its restaurant's address located at 3821 Broadway, New York, NY 10032.

7. Individual Defendant TARA WHOLLEY is an owner and principal of the Corporate Defendant. Defendant TARA WHOLLEY exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant TARA WHOLLEY exercises the power to (and also delegates to managers and supervisors the power

to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant TARA WHOLLEY directly regarding any of the terms of their employment, and Defendant TARA WHOLLEY had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

8. Individual Defendant LEIGH CORCORAN is an owner and principal of the Corporate Defendant. Defendant LEIGH CORCORAN exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant LEIGH CORCORAN exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant LEIGH CORCORAN directly regarding any of the terms of their employment, and Defendant LEIGH CORCORAN had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

9. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL and regulations thereunder.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff MANUEL GONZALEZ brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including but not limited to bartenders, barbacks, waiters, runners, bussers, cooks, food preparers, cashiers, hostesses, dishwashers and cleaning persons employed by Defendants on or after the date that is six (6) years before the filing of the Complaint ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff MANUEL GONZALEZ and FLSA Collective Plaintiffs have been and are similarly situated, have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules—all of which have culminated in a willful failure and refusal to pay Plaintiff MANUEL GONZALEZ and FLSA Collective Plaintiffs for all overtime hours worked at one-and-one half times their base hourly rates for each hour worked in excess of forty (40) per workweek. Plaintiff MANUEL GONZALEZ's claims stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be

4

provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14. Plaintiff brings claims for relief pursuant to the Federal Rule of Civil Procedure ("F.R.C.P.") 23, on behalf of all current and former non-exempt employees, including but not limited to bartenders, barbacks, waiters, runners, bussers, cooks, food preparers, cashiers, hostesses, dishwashers and cleaning persons employed by Defendants on or after the date that is six (6) years before the filing of the Complaint (the "Class" or "Class Members").

15. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17. Plaintiff MANUEL GONZALEZ's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subjected to the same corporate practices of Defendants, including (i) failing to pay overtime premium, (ii)

failing to pay spread of hours, (iii) failing to provide wage statements in compliance with the New York Labor Law, and (iv) failing to provide wage and hour notices upon hiring and as required thereafter, pursuant to the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures by Defendants.

18. Plaintiff MANUEL GONZALEZ is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff MANUEL GONZALEZ is represented by attorneys who are experienced and competent in both class action litigation as well as employment litigation and have previously represented plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation

claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

   b) What were and are the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

d) Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

e) Whether Defendants paid Plaintiff and the Class members the overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

f) Whether Defendants paid the "spread of hours" premium owed to Plaintiff and the Class members working more than ten hours per day as required by New York Labor Law;

g) Whether Defendants provided to Plaintiff and the Class members proper wage and hour notices at date of hiring, as required under the New York Labor Law;

h) Whether Defendants provided proper wage statements informing the Plaintiff and the Class members of their proper overtime rate of compensation and other information required to be provided on wage statements, as required under the New York Labor Law; and

i) Whether Defendants provided to Plaintiff and the Class members proper wage statements with each payment of wages, as required under the New York Labor Law.

**STATEMENT OF FACTS**

22. On or around May 15, 2020, Plaintiff MANUEL GONZALEZ was hired by Defendants to work as a cook for Defendants' Hilltop Park Alehouse located at 38-21 Broadway, New York, NY 10032, where he worked for the remainder of his employment by Defendants. Plaintiff's employment with Defendants terminated on October 15, 2020.

23. Throughout his employment with Defendants, Plaintiff was scheduled five (5) days per week from 12:00 pm to 8:00 pm for three (3) days; from 2:30 p.m. to 12:00 am for one (1) day and from 9:00 am to 4:00 pm for one (1) day, for a total of forty (40) hours and thirty (30) minutes each week. During Plaintiff MANUEL GONZALEZ's employment with Defendants, FLSA Collective Plaintiffs and Class members worked similar hours.

24. In addition, Plaintiff regularly worked about two (2) to three (3) hours past his scheduled shift every workday, resulted in about ten (10) to fifteen (15) overtime hours each week. He was paid for such unscheduled overtime hours, but he was only paid at his regular rate, and did not receive any overtime premium. Class members similarly were only paid at the regular rate of pay when they worked overtime hours.

25. Throughout his employment with Defendants, Plaintiff MANUEL GONZALEZ was paid at a straight time hourly rate of $18.00 per hour.

26. Throughout his employment with Defendants, Plaintiff was paid (i) in payroll check for the first forty (40) hours per week and (ii) in a separate check for hours worked in excess of forty (40) at the same straight-time hourly rate. Class members similarly were paid for their overtime by separate check at a straight time rate.

27. Throughout Plaintiff's employment with Defendants, he was never paid the overtime premium of one-and-half times his regular rate of pay for his hours worked in excess of

forty (40) hours per week, as required under the FLSA and NYLL. Class members similarly were not paid overtime premium.

28. Throughout his employment with Defendants, Plaintiff MANUEL GONZALEZ was required to work shifts exceeding ten (10) hours in duration on about four (4) days per week and would never receive spread of hour's premium. Similarly, Class Members were frequently required to work shifts exceeding ten (10) hours in duration for which they were not paid spread of hour's premium.

29. Defendants never provided Plaintiff MANUEL GONZALEZ with wage notices, as required by the NYLL. Similarly, FLSA Collective Plaintiffs and Class Members were never provided with any wage notices.

30. Defendants did not provide Plaintiff MANUEL GONZALEZ with proper wage statements at all relevant times. Similarly, the Class members also did not receive proper wage statements, in violation of the NYLL.

31. In or around December 2020, Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

### ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

32. Plaintiff realleges and reavers Paragraphs 1 through 31 of this class and collective action Complaint as if fully set forth herein.

33. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

35. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

36. At all relevant times, Defendants had a policy and practice of failing to pay wages for all hours worked.

37. At all relevant times, Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them wages in the lawful amount for overtime hours worked in excess of forty (40) hours worked each week at one-half of the regular rate.

38. Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiff will then seek leave of Court to amend this Complaint to set forth the precise amount due.

39. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

40. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (*i.e.*, double) damages pursuant to the FLSA.

41. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime premium, and an equal amount as liquidated damages.

42. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to the FLSA.

### COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

### ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

43. Plaintiff realleges and reavers Paragraphs 1 through 42 of this class and collective action Complaint as if fully set forth herein.

44. At all relevant times, Plaintiff and the Class members were employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

45. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and the Class Members for overtime hours worked in excess of 40 (forty) hours at one-half the regular rate.

46. In addition, Defendants willfully violated Plaintiff and the Class members' rights by failing to pay them spread of hours premiums required by state law.

47. Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

48. Defendants failed to provide a proper wage and hour notice, on the date of hiring and annually, to all non-exempt employees, in direct violation of the New York Labor Law.

49. Defendants failed to provide proper wage statements with every payment issued to Plaintiff and the Class members, as required by New York Labor Law § 195(3).

50. Due to Defendants' New York Labor Law violations, Plaintiff and the Class members are entitled to recover from Defendants their unpaid overtime premium, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MANUEL GONZALEZ, on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. An award of unpaid overtime compensation under the FLSA and NYLL;

d. An award of unpaid spread of hours premium due under the NYLL;

e. An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements under the NYLL;

f. An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages pursuant to the FLSA or NYLL;

g.  An award of pre-judgment and post-judgment interest, costs, and expenses of this action, together with reasonable attorneys' and expert fees;

h.  Designation of Plaintiff MANUEL GONZALEZ as Representative of the FLSA Collective Plaintiffs;

i.  Designation of this action as a class action pursuant to F.R.C.P. 23;

j.  Designation of Plaintiff as Representative of the Class; and

k.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 15, 2021                    Respectfully submitted,

                                         LEE LITIGATION GROUP, PLLC

                              By:    */s/ C.K. Lee*

                                         C.K. Lee (CL 4086)
                                         Anne Seelig (AS 3976)
                                         148 West 24th Street, 8th Floor
                                         New York, NY 10011
                                         Tel.: 212-465-1188
                                         Fax: 212-465-1181
                                         *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*