# Lee Litigation Group, PLLC
148 West 24th Street, 8th Floor
New York, NY 10011
Tel: 212-465-1188
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:   (212) 465-1188
cklee@leelitigation.com

August 19, 2021

**Via ECF:**
The Honorable Stewart D. Aaron, U.S.M.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/24/2021

Re:   Gonzalez v. 3821 Broadway Cafe, LLC et al
      Case No. 21-cv-2243 (SDA)

Dear Judge Aaron:

We are counsel to Plaintiff in the above-referenced matter and write, pursuant to Local Civil Rule 37.2 and Your Honor's Individual Rules and Practices, to respectfully request a conference with the Court to address the following discovery issues: Defendants' failure to produce (1) class discovery, (2) e-discovery, and (3) deposition dates. On July 29, 2021, Plaintiff filed a letter motion requesting a Rule 37.2 conference to discuss the above-referenced discovery issues (Docket 25). Your Honor Ordered all Parties to meet and confer to resolve all discovery disputes, specifically regarding Defendants' failure to provide Plaintiff with class discovery, e-discovery, and deposition dates (Docket 29).

In accordance with Your Honor's Rules, all parties met-and-conferred telephonically to discuss the disputed discovery on August 12, 2021, for approximately twenty (20) minutes. Pursuant to Your Honor's Rules, the substance of Plaintiff and Defendants' conversation is outlined in the attached declaration (Exhibit A). Despite conferring, parties have reached an impasse and are unable to resolve the discovery dispute without judicial intervention.

All parties are scheduled for Court-ordered mediation on October 7, 2021. Plaintiff needs Defendants' discovery in order to participate in the upcoming mediation in good faith. In light of the foregoing, Plaintiff respectfully requests that the Court compel Defendants to:

(1) Produce the outstanding class discovery;
(2) Produce e-discovery; and
(3) Schedule depositions.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ C.K. Lee*

cc: all parties via ECF

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

MANUEL GONZALEZ,
*on behalf of themselves,*
*FLSA Collective Plaintiffs*        Case No: 1:20-cv-01176 (SDA)
*and the Class,*

    Plaintiffs,        RULE 37 CERTIFICATION

  v.

3821 BROADWAY CAFÉ, LLC,
d/b/a HILLTOP PARK ALEHOUSE,
TARA WHOLLEY, and,
LEIGH CORCORAN,

    Defendants.

---

I, C.K., Esq., under penalty of perjury, affirm as follows:

1. My name is C.K. Lee, and I am a member of Lee Litigation Group, PLLC, Counsel for Plaintiff in the above-captioned matter.

2. I write this certification in accordance with Your Honor's Local Rules to resolve a discovery dispute with Defendants.

3. Lee Litigation Group brought this suit on behalf of Plaintiffs against Defendants for violations of, *inter alia,* the Fair Labor Standards Act, and New York Labor Law.

4. All Parties are scheduled to attend a Court-Ordered mediation on October 7, 2021.

5. In anticipation of this mediation, Your Honor ordered all Parties to meet and confer regarding various discovery disputes pertaining to (1) class discovery, (2) e-discovery, and (3) the scheduling of depositions.

6. On August 12, 2021, all Parties had a telephone call at 4:30 p.m. to meet and confer regarding Defendants' deficient production. This phone call lasted approximately twenty

(20) minutes and was unsuccessful in resolving the Parties discovery dispute. On this call were attorneys Seth Nadler and C.K. Lee for the Plaintiffs and Leo Dorfman, and Richard Sui for the Defendants.

7. The substance of Defendants' discovery deficiencies, as discussed telephonically on August 12, 2021, are outlined below.

**A. Class Discovery**

8. I asked Defendants to provide a 30% sampling of pertinent documents for front- and back-of-the-house non-exempt employees over a three-year period. The requested documents consisted of wage statements, pay notices, employee handbooks, wage summaries, work schedules, wage notices, and tax filings. I also requested that Defendants provide a headcount of employees over the last six years. Defendants refused both these requests.

9. Defendants maintain the position that they would not give us a headcount for a six-year period.

**B. Electronic Discovery**

10. Defendants objected to our proposed e-discovery search terms. I therefore asked them to provide (1) a counter-proposal; (2) the names, titles, and employment periods of custodians they would be willing to search; and (3) the date by which we would receive the initial hit list from their e-discovery vendor. To date, Defendants have provided none of this.

11. Defendants maintain the position that a hit-list would not be necessary and objected to my request stating that they would have to review all e-discovery for relevancy.

**C. Scheduling Depositions**

12. I asked Defendants to provide the name of their 30(b)(6) witness and for deposition dates for Tara Wholley, Leigh Corcoran, Gabriel Pena, Ady De Luna and Dee Rodriguez. I stated

that the dates could be after our scheduled mediation, in order to avoid the potentially needless expenditure of resources should the mediation succeed.

13. Defendants refused to schedule any depositions at this time and furthermore declared that their witnesses would not be permitted to speak to classwide allegations.

**D. Conclusion**

14. I have endeavored to obtained necessary discovery in good faith without court intervention. Unfortunately, these efforts did not succeed. I am therefore seeking judicial intervention, as I informed Defendants I would have to do if they did not satisfactorily respond to the foregoing requests by August 19, 2021.

15. I have informed the adversary during the conference that we believed the parties to be at an impasse and that we would be requesting a conference with the Court.


August 19, 2021                              Respectfully submitted,

                                             _/s/ C.K. Lee_
                                             C.K. Lee, Esq.

cc: all parties via ECF

ENDORSEMENT: The behavior of both sides in this case is unacceptable and not what is expected of counsel who are admitted to practice in this Court. Plaintiff's Letter-Motion (ECF No. 30) plainly is premature. Late in the afternoon on August 18, Plaintiff's counsel, Seth Nadler (who is not even counsel of record in this case), sent an email asking defense counsel for a call late in the afternoon the following day. (See ECF No. 32-1.) Then, not having heard back with respect to what was a scheduling email, Plaintiff's counsel, C.K. Lee, on August 19, jumped the gun and filed a Letter-Motion requesting a Court conference without properly having met and conferred as previously Ordered. (ECF No. 29.) Today, doubling down, Mr. Lee in reply, instead of acknowledging the premature nature of his Letter-Motion, asks for attorneys' fees. (ECF No. 32.) On the other side, defense counsel appears yet to have responded to the proposals made on August 12 (ECF No. 31-1). Plaintiff's Letter-Motion (ECF No. 30) is DENIED as premature. IT IS HEREBY ORDERED that, no later than August 31, 2021, the parties shall meet and confer in a good faith effort to resolve their disputes. The Court expects compromises to be made by both sides. If an impasse is reached, no later than September 9, 2021, the parties shall file a joint letter, not to exceed six pages, setting forth the areas of disagreement and the parties' respective positions. Failure to comply with the terms of this Order may result in sanctions. SO ORDERED. Dated: 8/24/2021

_Stuart D. Aaron_